The plaintiff was a Boston public school teacher who had a dispute with her employer, the school committee of Boston (school committee), about her absences from work. The school committee eventually fired her on the ground that she failed to provide documentation to support her then-current absence.[3] As documented by internal human resource records, the decision to fire the plaintiff was made by September 25, 2014. However, the school committee did not notify her that she had been terminated until October 2, 2014. In the interim, she filed with the Department of Labor Relations (DLR) a prohibited practice charge (first charge) against the school committee regarding a related dispute that had occurred months before.[4] Once the plaintiff received notice that she had been terminated, she filed a second prohibited practice charge (second charge) alleging that she had been terminated in retaliation for her filing the first charge.[5] A DLR investigator (the investigator) dismissed the second charge, and the Commonwealth Employment Relations Board (the board) affirmed that dismissal. The plaintiff appealed, and it is only the dismissal of the second charge that is before us.[6] Discerning no error in the decision and order of the board, we affirm.
The fatal flaw identified by the investigator and the board is one of simple timing: the plaintiff's termination could not have been undertaken in retaliation for her filing the first charge, because she was fired before she filed the first charge. That reasoning is unquestionably correct,[7] and the plaintiff therefore has not met her "burden of showing that the [board's decision] was invalid." Quincy City Hosp. v. Labor Relations Commn., 400 Mass. 745, 749 (1987).[8]
The plaintiff seeks to argue that the school committee should have given her additional time to submit documentation in support of her leave of absence, and that its termination of her on September 25, 2014, was premature. Whatever the merits of such an argument-an argument we do not reach-it is beyond the scope of the second charge, which was limited to the plaintiff's claim that she was terminated in retaliation for her filing the first charge. As the investigator and the board correctly determined, the argument that the school committee acted prematurely was simply not material to the particular claim before it.[9]
Decision and order of board dismissing charge of prohibited practice affirmed.

We summarize the facts set forth in the decision and order of dismissal. Massachusetts Nurses Assn. v. Commonwealth Employment Relations Bd., 77 Mass. App. Ct. 128, 129 (2010). In any event, most of the facts are uncontested. The dispute regarding when the plaintiff was fired is discussed here.

In the first charge, the plaintiff alleged that she improperly had been forced to take sick time and that her superintendent had retaliated against her.

The second charge was initially filed with reference to G. L. c. 150E, § 10(a )(1), inserted by St. 1973, c. 1078, § 2, which makes it a prohibited practice to "[i]interfere, restrain, or coerce any employee in the exercise of any right guaranteed under [G. L. c. 150E]." However, a DLR investigator characterized the second charge as alleging a violation of G. L. c. 150E, § 10(a )(4) (prohibiting certain retaliatory conduct), and the second charge was analyzed as such by the investigator and the Commonwealth Employment Relations Board. The plaintiff does not dispute this treatment of the second charge.

The first charge eventually was dismissed because it was not timely filed. It does not appear that the plaintiff appealed the dismissal of the first charge and, in any event, such an appeal is not currently before us.

The plaintiff points out that she received payments after September 29, 2014 (the date she filed the first charge), and that she was not notified that she was terminated until October 2, 2014. However, neither point changes the fact that the decision to terminate her was made by September 25, 2014 (a fact that is well documented in the school committee records, the accuracy of which the plaintiff does not dispute). It therefore necessarily follows that her termination could not have been undertaken in retaliation for her subsequent actions.

Because the Labor Relations Commission, along with other agencies, was reorganized into the DLR, see St. 2007, c. 145, and St. 2011, c. 3, and because the board is one of the divisions of the DLR, G. L. c. 23, § 9R, we apply the principles enunciated in earlier decisions involving the former Labor Relations Commission to the decision and order of the board.

The Commonwealth Employment Relations Board filed a revised motion to strike portions of the plaintiff's record appendix. That motion is denied as moot.